IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA T. DE LOS SANTOS,<br><br>    Plaintiff<br><br>    v.<br><br>UBS FINANCIAL SERVICES, INC.,<br><br>    Defendant | CIVIL NO. 09-1168 (JP) |

**OPINION AND ORDER**

    Before the Court is Defendant UBS Financial Services, Inc.'s ("UBS") motion for summary judgment (**No. 7**) and Plaintiff María T. de los Santos' ("Santos") opposition thereto (No. 18).  Also before the Court is Defendant's reply (No. 21) and Plaintiff's sur-reply (No. 27).  Plaintiff Santos filed the instant action for age discrimination, wrongful discharge, and retaliation pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), as well as P.R. Laws Ann. tit. 29, §§ 146, and P.R. Laws Ann. tit. 31, § 5141.  Defendant UBS moves for summary judgment arguing that Plaintiff failed to exhaust administrative remedies by filing a charge against UBS with the Equal Employment Opportunity Commission ("EEOC").  For the reasons stated herein, Defendant's motion is hereby **GRANTED.**

CIVIL NO. 09-1168 (JP)          -2-

I. **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were either agreed upon, or they were properly supported by evidence and not genuinely opposed.[1]

1. Plaintiff Santos worked as a Financial Advisor for UBS Financial Services of Puerto Rico, Inc. ("UBS PR") since June 9, 2006.

2. On August 3, 2007, Santos' employment with UBS PR was terminated.

3. On November 30, 2007, Santos filed a charge of discrimination under Title VII of the Civil Rights Act and

---

1. Local Rule 56(c) provides:

   > A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts. Unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation as required by subsection (e) of this rule.

   Plaintiff did not submit a separate statement of material facts addressing each numbered paragraph of Defendant's statement of material facts. Plaintiff argues that she was not required to do so because Local Rule 56(c) uses the word "shall" rather than "must." This is not a defensible interpretation of the rule. The use of the word "shall" clearly conveys that provision of a separate statement of facts is mandatory. In addition, Local Rule 56(e) provides that "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Therefore, the Court accepts as uncontested Defendant's proposed facts that are supported by the record. In any event, even if the Court were to look to Plaintiff's other submissions such as her memorandum in opposition to the motion for summary judgment, said documents do not contest the salient fact here, namely the fact that Plaintiff's EEOC charge named UBS PR and not UBS.

CIVIL NO. 09-1168 (JP)         -3-

> local Laws No. 100 of June 30, 1959, as amended, and No. 69 of July 6, 1985, with the Antidiscrimination Unit ("ADU") of the Puerto Rico Labor Department and the EEOC against UBS PR, Mr. Ramiro Colón III and Mr. Rafael E. Rivera.
>
> 4. Santos did not file a charge of discrimination with the ADU/EEOC against Defendant UBS. Thus, even though a claim was filed against UBS PR, no charge was filed against Defendant.
>
> 5. On November 24, 2008, the EEOC issued a "Notice of Right to Sue" in connection with the discrimination charge filed by Santos. Such notification was mailed to UBS PR on November 24, 2008.
>
> 6. Santos' employer, at all times relevant to the complaint, was UBS PR. Defendant UBS is a foreign corporation and was not Plaintiff's employer.
>
> 7. Santos did not file a charge of discrimination under the ADEA with the ADU/EEOC.

## II. **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to

CIVIL NO. 09-1168 (JP)            -4-

interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2253,

CIVIL NO. 09-1168 (JP)            -5-

91 L. Ed. 2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Goldman, 985 F.2d at 1116.

### III. **ANALYSIS**

Defendant UBS argues that summary judgment is appropriate in the instant case because Plaintiff Santos failed to exhaust administrative remedies prior to filing an action before the Court. Plaintiff acknowledges that she did not file an administrative charge against Defendant UBS, but contends that because she did file a charge against a related entity, UBS PR, her present action against UBS should be permitted to proceed. The Court will now consider the parties' arguments.

#### A. **Exhaustion of Administrative Remedies Against UBS**

A plaintiff must exhaust administrative remedies, including EEOC procedures, before proceeding under Title VII or the ADEA in federal court. 29 U.S.C. § 626(d); Frederique-Alexandre v. Department of Natural and Environmental Resources Puerto Rico, 478 F.3d 433, 440 (1st Cir. 2007). Once an EEOC charge has been filed under Title VII, if no conciliation agreement is reached, and no civil action is filed by the EEOC or Attorney General, then the person who filed the charge

CIVIL NO. 09-1168 (JP)            -6-

shall be given notice of their right to sue. "[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved . . ." 42 U.S.C. § 2000e-5(f)(1). Similarly, under the ADEA, "[a] civil action may be brought . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e).

In the instant case, it is uncontested that Plaintiff filed an EEOC charge against UBS PR, but not against Defendant UBS. Because the "respondent named in the charge" was UBS PR, Plaintiff had a right to file a civil action against UBS PR following the receipt of the notice of right to sue. Neither Title VII nor ADEA permit filing suit against a parent company, subsidiary, or other entity related to the respondent named in the charge. Therefore, based on the plain language of the statutes, Plaintiff did not have a right to file a civil action against Defendant UBS, which had never been named in the EEOC charge.

Plaintiff acknowledges this general rule but argues that an exception to the rule applies here. Specifically, Plaintiff proposes an exception under which exhaustion is considered applicable to parties other than the respondent named in the charge when the two corporate entities are so closely related as to be considered a single employer. Plaintiff does not cite any case law from this Court or from the First Circuit supporting this theory, but does

CIVIL NO. 09-1168 (JP)          -7-

refer to a case from the Fifth Circuit, <u>Marks v. Prattco, Inc.</u>, 607 F.2d 1153 (5th Cir. 1979). Said case is, of course, not binding precedent in this Court.

    Moreover, <u>Marks</u> does not establish the exception that Plaintiff attempts to invoke. In that case, the plaintiffs identified the respondent in their EEOC charge using the trade name, rather than the correct corporate name, of their employer. They used the same trade name when identifying the Defendant in their civil complaint, and then later amended the complaint to include the correct corporate name of their employer. The district court permitted the amendment and denied a motion to dismiss on the basis of time bar, reasoning that the amended complaint with the correct Defendant would be considered to relate back to the filing date of the original complaint. The Fifth Circuit affirmed this holding, noting that no prejudice was caused to the Defendant, which had participated in the EEOC proceedings and answered the civil complaint despite the inaccurate name on the charge and original complaint. <u>Id.</u> at 1156. However, the Fifth Circuit did not establish a clear exception to the exhaustion requirement in cases when a plaintiff inadvertently names the wrong defendant. Instead, the Court stated:

> While the issue is not before us, it is at least reasonable to believe that, had the trial judge found that doctrine not applicable in the instant case, such a finding would have been difficult to overturn through an appeal to this Court. The fact that thin ice did not break in this case is not to be taken as our encouraging other skaters to venture upon it in the future.

CIVIL NO. 09-1168 (JP)            -8-

Id. at 1157.

The Court finds no basis in either the ADEA or Title VII statutes, or in applicable case law from this Court or the First Circuit, for adopting Plaintiff's proposed exception to the exhaustion requirement.  On the contrary, the First Circuit has stated that exhaustion requirements must be strictly enforced when exhaustion is mandated by statute, as is the case with Title VII and the ADEA.  See Portela-González v. Secretary of the Navy, 109 F.3d 74, 77 (1st Cir. 1997) ("exhaustion of administrative remedies is absolutely required if explicitly mandated by congress" and although some exceptions to exhaustion may exist when there is no statutory mandate, "by and large, concerns regarding efficiency militate in favor of, rather than against, strict application of the exhaustion doctrine").  Because Plaintiff has not exhausted her administrative remedies against Defendant UBS, Plaintiff is not entitled to file a civil suit against Defendant UBS alleging Title VII and ADEA claims.

### B.   Time Limit for Filing EEOC Charge Against UBS

Under Title VII and the ADEA, a plaintiff in a deferral jurisdiction such as Puerto Rico must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred.  Rivera v. Puerto Rico Aqueduct and Sewers Authority, 331 F.3d 183, 188 (1st Cir. 2003); Meléndez-Arroyo v. Cutler-Hammer de P.R. Co., Inc., 273 F.3d 30, 32 (1st Cir. 2001).

CIVIL NO. 09-1168 (JP)          -9-

In the instant case, Plaintiff was discharged on August 3, 2007. Therefore, if any claim against UBS was available, an EEOC charge would have to have been filed against UBS by May 29, 2008. Because Plaintiff did not file an EEOC charge against UBS by said date, her claim against UBS, if any, lapsed. Therefore, the Court will dismiss the Title VII and ADEA claims with prejudice.

### C.   Puerto Rico Law Claims

Having dismissed the federal claims in the complaint, the Court declines to exercise jurisdiction over the Puerto Rico law claims. See Marrero-Gutiérrez v. Molina, 491 F.3d 1, 7-8 (1st Cir. 2007) (affirming district court's decision to decline jurisdiction over state law claims after dismissing federal claims). The Court will enter judgment dismissing the Puerto Rico law claims without prejudice.

### IV.  CONCLUSION

In conclusion, the Court **GRANTS** Defendant's motion for summary judgment. A separate judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of March, 2010.

                                                    s/Jaime Pieras, Jr.
                                                      JAIME PIERAS, JR.
                                      U.S. SENIOR DISTRICT JUDGE